UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GLENN GILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-CV-12212-AK |
| v. | ) | |
| | ) | |
| TOWN OF CARVER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER ON GLENN GILLAN'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

**A. KELLEY, D.J.**

On July 25, 2024, Plaintiff Glenn Gillan filed a Complaint in Plymouth Superior Court alleging discrimination by Defendant Town of Carver (the "Town") during his course of employment and subsequent separation from the Carver Police Department. [Dkt. 1 at 24]. On August 27, 2024, the Town removed Mr. Gillan's Complaint to federal court. [Id. at 1-3]. On September 25, 2024, two months after filing his initial suit, Mr. Gillan filed for a temporary restraining order, requesting this Court prevent the Town from "enforcing, using or implementing any part of the work settlement that blocks [Mr. Gillan's] Federal and State civil rights and to reinstate him as required by law." [Dkt. 16 at 16]. For the reasons stated below, Mr. Gillan's Motion for Temporary Restraining Order and/or Preliminary Injunction [Dkt. 15] is **DENIED**.

### I. LEGAL STANDARD

Courts apply the same standard in assessing motions for a temporary restraining order and motions for a preliminary injunction. See Fed. R. Civ. P. 65; Wash. Tr. Advisors, Inc. v.

1

Arnold, 646 F. Supp. 3d 210, 217 (D. Mass. 2022).  Following the briefing in this matter, the Court will consider Mr. Gillan's filing a Motion for a Preliminary Injunction.

The "extraordinary and drastic" remedy of a preliminary injunction requires a showing of four elements: (1) substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest.  See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).  The court may accept as true well-pleaded allegations in the complaint and uncontroverted affidavits.  Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc., 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350 n.1 (1976)).  The court may also rely upon otherwise inadmissible evidence in deciding a motion for preliminary injunction.  Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (citing Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986)).

**II.    IRREPERABLE HARM IS REQUIRED**

As an initial matter, Mr. Gillan seemingly argues he need not show irreparable harm, as he claims to be a citizen acting as a private attorney general.  [Dkt. 16 at 2].  The Court disagrees.  First, Mr. Gillan has not cited to any statutory authority contemplating a private attorney general right to enforce any of the claims made against the Town.

Second, even if permissible in light of the relevant claims, Mr. Gillan is not *acting* as a private attorney general.  Massachusetts courts have allowed a citizen to act as a private attorney general to enforce a statute or a declared policy of the Legislature, relaxing the preliminary

injunction elements instead of enforcing the requirements of private litigation. More specifically, when acting as a private attorney general, irreparable harm is not required in establishing the need for a preliminary injunction. See LeClair v. Town of Norwell, 430 Mass. 328, 331 (1999) ("When a private party seeks a preliminary injunction, the moving party is required to show that an irreparable injury would occur without immediate injunctive relief. When, however, a suit is brought either by the government or a citizen acting as a private attorney general to enforce a statute or a declared policy of the Legislature irreparable harm is not required." (citation omitted)); see also United States v. D'Annolfo, 474 F. Supp. 220, 222 (D. Mass. 1979) ("When the government acts to enforce a statute or make effective a declared policy of Congress, the standard of public interest and not the requirements of private litigation measure the propriety and need for injunctive relief." (internal quotation marks omitted) (quoting United States v. Shafer, 132 F. Supp. 659 (D. Md. 1955), aff'd, 229 F.2d 124 (4th Cir. 1956))). Beyond the fact that none of the statutes cited by Mr. Gillan contemplate private attorney general action, Mr. Gillan is clearly hoping to vindicate his own rights. As Mr. Gillan is acting in his own interest, as opposed to pursuing the enforcement of a statute or other legislative priority, it is appropriate to enforce the full requirements of private litigation.

### III.    IRREPARABLE HARM

For purposes of deciding the instant Motion, the Court will start by determining if Mr. Gillan has sufficiently established the risk of irreparable harm. The burden falls directly on the moving party to demonstrate the likely irreparable harm. See Fed. R. Civ. P. 65(a); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991) ("[I]rreparable harm is not assumed; it must be demonstrated."); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (Ross-Simons I ) ("[T]he burden of demonstrating that a denial of interim injunctive

relief would cause irreparable harm [rests] squarely upon the movant."). In determining if the harm is irreparable, "[w]here a plaintiff stands to suffer a substantial injury that cannot be adequately compensated by an end-of-case award of money damages, irreparable injury exists." Rosario-Urdaz v. Rivera-Hernández, 350 F.3d 219, 222 (1st Cir. 2003) (citing Ross-Simons I, 102 F.3d at 19).

Conversely, "it has long been held that traditional economic damages can be remedied by compensatory awards, and thus do not rise to the level of being irreparable." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009) (citing P.R. Hosp. Supply, Inc. v. Bos. Sci. Corp., 426 F.3d 503, 507 (1st Cir. 2005). To this end, loss of employment "does not usually constitute irreparable injury," even when considering a loss of income and damage to reputation. Sampson v. Murray, 415 U.S. 61, 92 & n.68 (1974); see also Mass. Corr. Officers Federated Union v. Baker, 567 F. Supp. 3d 315, 327 (D. Mass. 2021) ("[I]t is well settled that the loss of employment is not considered irreparable for the purposes of an injunction."). Thus, to obtain an injunction, the movant must show a "genuinely extraordinary situation." Sampson, 415 U.S. at 92; see also Matrix Grp. Ltd. v. Rawlings Sporting Goods Co., 378 F.3d 29, 34 (1st Cir. 2004) (holding that an injunction is unavailable in an ordinary breach of contract action). Additionally, it is not sufficient to show the potential for irreparable harm, as an "inability to demonstrate an immediate threat of irreparable harm is sufficient to deny . . . a preliminary injunction." City of Lowell v. Enel N. Am., Inc., 705 F. Supp. 2d 116, 121 (D. Mass. 2010) (citing Pub. Serv. Co. of N.H. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir. 1987)).

Turning to the instant case, Mr. Gillan filed this suit hoping to remedy quintessential economic damages. In his Motion, Mr. Gillan requests that the Court prevent the Town from "enforcing, using or implementing any part of the work settlement that blocks [Mr. Gillan's]

Federal and State civil rights and to reinstate him as required by law." [Dkt. 16 at 16]. If the Court were to rule in Mr. Gillan's favor at the conclusion of this case, he could be made whole with compensatory and punitive damages, including the potential for backpay, lost earnings, and reputational loss. Such harms, and thus available remedies, fail to fulfill the requirements of irreparable harm. Further, even if the Court were to find potential irreparable harm, the nature of the filings in this matter makes clear that Mr. Gillan cannot evidence an "immediate threat of irreparable harm." Enel N. Am., Inc., 705 F. Supp. 2d at 121. The original Complaint was filed in Plymouth Superior Court on July 25, 2024, and the case was not removed to this Court until August 27, 2024. [Dkt. 1 at 1, 24]. Mr. Gillan failed to request a temporary restraining order or preliminary injunction in the month the case was pending in state court. Even taking Mr. Gillan's note at face value that the instant Motion was "not filed in [Massachusetts state court] due to change in venue," the matter was pending for an additional month in federal court before Mr. Gillan sought injunctive relief. [Dkt. 15 at 1]. Taken together, Mr. Gillan has failed to evidence a high likelihood of immediate and irreparable harm.

As the Court has determined that Mr. Gillan has failed to establish a substantial likelihood of irreparable harm, "we need not reach the question of likelihood of success on the merits." Pub. Serv. Co. of N.H., 835 F.2d at 383.

### IV.   CONCLUSION

For the foregoing reasons, Mr. Gillan's Motion for Temporary Restraining Order and/or Preliminary Injunction [Dkt. 15] is **DENIED**.

**SO ORDERED.**

Dated: July 3, 2025                                         /s/ Angel Kelley
                                                            Hon. Angel Kelley
                                                            United States District Judge